UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERIC D. WALL,

                Plaintiff,                            **<u>MEMORANDUM AND ORDER</u>**
                                                    20-CV-2456 (RRM) (RER)

    -against-

DONALD J. TRUMP,

                Defendant.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge:

      This is at least the third action which plaintiff Eric D. Wall, proceeding pro se, has filed

against defendant Donald J. Trump pursuant to the Federal Tort Claims Act, seeking damages for

various actions which the President has taken while in office.  Although Wall paid the filing fee

to commence this action, this action is dismissed as frivolous because the President enjoys

absolute immunity for actions taken in his official capacity.

**BACKGROUND**

      On July 31, 2019, Wall filed an action against President Trump in the United States

District Court for the Southern District of New York (the "SDNY"), asserting claims of

"negligent infliction of emotional distress, negligence, mental anguish, physical injury,

defamation, reckless endangerment, fraud, and pain & suffering."  *Wall v. Trump*, No. 19-CV-

7413 (CM), 2019 WL 4639951, at *1 (S.D.N.Y. Sept. 24, 2019).  Wall's complaint attached a

ten-page, single-spaced, typewritten letter detailing events that occurred in his life, for which he

believed the President was responsible.  Wall sought money damages in the amount of $999,000.

      On August 21, 2019 – before the first case was resolved – Wall filed a second action

against the President in the SDNY: *Wall v. Trump*, No. 19-CV-7871 (CM).  The complaint in

this second action resembled the letter attached to the complaint in the first action but was

1

approximately six pages longer.  On August 26, 2019, Judge McMahon dismissed this second action as duplicative of this first.  (Order of Dismissal (Doc. No. 3 in No. 19-CV-7871).)

In an order dated September 24, 2019, Judge McMahon also dismissed the first action. That order informed Wall that "the President is absolutely immune from suit for damages 'predicated on his official acts.'"  *Wall v. Trump*, No. 19-CV-7413 (CM), 2019 WL 4639951, at *2 (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982)).  Since Wall's claims against Trump arose out of acts Trump performed in his official capacity as President of the United States, Judge McMahon held that Wall's claims were foreclosed by absolute immunity and dismissed Wall's action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).  *Wall*, 2019 WL 4639951, at *2.  Judge McMahon denied Wall leave to amend his complaint, noting that the defects in his pleading could not be cured with an amendment.  *Id.*

On June 3, 2020, Wall commenced this action, seeking damages of "$77,000,000 for mental and emotional anguish, physical injuries, loss of use, property damage, pain and suffering, medical bills, economic and noneconomic damages."  (Compl. at 5.)  Wall's complaint in this case, like his complaints in the SDNY actions, details events in Wall's personal life for which he believed the President was responsible.  Although the complaint in this case is over 100 pages long and covers events not discussed in the SDNY cases, it seeks to impose liability for actions taken by the President in his official capacity.

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that Wall is proceeding pro se and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest."

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–76 (2d Cir. 2006) (quotation marks omitted).  A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

A district court may dismiss an action, *sua sponte*, even if the plaintiff has paid the filing fee, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 263, 363–64 (2d Cir. 2000), or that the district court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).  An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted); or (3) "it is clear that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## DISCUSSION

Wall's claims in this action, as in the SDNY actions, arise out of acts the defendant performed in his official capacity as President of the United States.  These claims are dismissed because the President is absolutely immune from suit for damages "predicated on his official acts." *Nixon*, 457 U.S. at 749.  A Court should generally not dismiss a pro se complaint without granting the plaintiff leave to amend if a valid claim could be stated.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  However, where a proposed amendment would be futile, leave to

amend need not be given.  *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997)).  Since it would be futile to grant Wall leave to amend his complaint against the President, this action is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, this action is dismissed with prejudice and without leave to replead.  Although Wall paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to enter judgment in favor of President Trump and to close this case.  Wall is cautioned that if he refiles this action or files another frivolous action, the Court may bar him from filing further actions without leave of this Court.

SO ORDERED.

Dated: Brooklyn, New York
      October 15, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge